Friedman vs. Adler & Levy.

No. 9010.

JOSEPH B. FRIEDMAN VS. ADLER & LEVY.

Where an injunction has arrested the execution of a judgment for a sum of money, the surety
to the injunction-bond is not entitled to notice of the judgment of dissolution and for
damages before the issuing of execution the: ion.

The surety to an injunction-bond in such case is not merely constructively in court, but is
an actual party to the suit, made co-plaintiff *ipso facto* by the mere act of suretyship,
and invested by the law *proprio vigore* with all the attributes, qualities, rights, and bur-
dened with the liabilities of his principal, and is entitled to citation and notice as is his
principal.

APPEAL from the Civil District Court for the Parish of Orleans.
*Monroe*, J.

*Chas. S. Rice* and *James D. Augustin* for Plaintiff and Appellant.

*Henry C. Miller; Chas. A. Baquié* and *E. T. Florance* for Defendants
and Appellees.

The opinion of the Court was delivered by

MANNING, J.   Adler & Levy had obtained a money judgment against
one Jacob, the execution of which was arrested by an injunction,
Friedman being surety on the bond.   The injunction was dissolved
with damages against the principal and Friedman the surety *in solido*.
After the lapse of the delay for appealing, execution issued against
Friedman, under which his stock of goods (he was a shopkeeper in St.
Charles) was seized, was held by the sheriff three weeks, and was then
released.

Friedman now sues to recover ten thousand dollars as damages for
the illegal seizure, and after setting forth the injuries caused by this
process, avers that he was not a party to the injunction suit, and never
appeared therein, and was not served with any citation or other notice
in those proceedings until the notice of actual seizure under the *fi. fa.*
He was not served with notice of judgment.

The question is thus squarely presented, is the surety to an injunction
bond entitled to notice of the judgment of dissolution with damages,
when the injunction has arrested the execution of a money judgment.

The surety on an injunction bond is considered a plaintiff in the suit.
Fifty years ago the facility with which injunctions were obtained under
our Code of Practice had already become a fruitful source of abuse, to
prevent the continued recurrence of which the Statutes of 1831 and 1833
attached to the suretyship of such bonds consequences more enlarged
and more stringent than had hitherto attended any act of suretyship.
And these provisions were designed to deter persons from assisting

parties who had been judicially condemned, in evading or delaying the course of justice in cases wherein they were not entitled to relief. The surety was so completely identified with the injoining debtor as to become his co-plaintiff *ipso facto* by the mere act of suretyship—a solidary judgment was expressly authorized against them in the pending suit if the injunction were dissolved—and the solidarity of obligation was crowned by transferring the surety to the position of a principal in this, that he was deprived of the plea of discussion. Code Prac. art. 304; Denton vs. Irwin, 5 A. 21.

In construing these anomalous and rigorous requirements the courts have lent their hearty aid to the interpretation that would best effectuate the intention of the Legislature, and in furtherance of it have held that the surety was not merely a nominal party to the injunction suit, but such a real actual party that he is entitled to be cited on an appeal when it is by petition, Gibson vs. Selby, 3 A. 318; and when the appeal is by motion in open court, that he is embraced equally with his principal. Mitchell vs. Say, 4 A. 514. And where judgment was prayed against the wrong person as surety, the court gave judgment against him who was really surety. Union Bank vs. Smith, 3 A. 147. So where the verdict of the jury was against the principal in the injunction bond alone and the judgment was against him and the surety also, it was maintained, Mason vs. Poulallier, 10 A. 418; and the surety may be condemned on the trial of a rule to dissolve as well as on the merits, Betts vs. Mougin, 15 A. 52; and he is so perfectly and irrevocably bound by the petition, affidavit, order of injunction, etc., that they cure the omission of any description of the proceedings in the bond. Green vs. Huey, 23 A. 704. We need not say more of Verges vs. Gonzales, 33 A. 410, than that it was not a case where the execution of a money judgment was arrested.

It is manifest from this catena of decisions that the legal presence of the surety in court is not a mere fiction of law, nor is it correct to say that he is only constructively before the court, since the law *proprio vigore* makes him a party, not nominally as is a sheriff in an injunction, but really and actually, stamped ineffaceably with all the attributes, qualities, rights, and liabilities that appertain to and inhere in a party as completely as if his name had been inserted in the petition and had appeared at every subsequent stage of the suit. He is transfixed by the spear of the law and is empaled upon the suit, in order that the party injured by his aid may then and there obtain redress from him.

If in an appeal by motion he is embraced just as is his principal, and in an appeal by petition he is entitled to service when his principal

is thus entitled, he is likewise entitled to notice of judgment only when his principal is, and therefore when as in this case the defendant appeared and defended the suit, and is thus not entitled to notice of judgment, the surety has no cause of complaint when the execution issued upon the judgment of dissolution and for damages against him, after the expiry of the delay for an appeal, without notice to him of the judgment.

It will be observed throughout that we are considering and deciding alone the case where the judgment, the execution of which is arrested, is a judgment for the payment of money.

If the plaintiff was endangered by the seizure of his property under the *fi. fa.* the injury resulted from his own failure to fulfill the obligation into which he had entered for the payment of such damages as may have been sustained by the injoined creditor through his ownership.

Judgment affirmed.